IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-40750

MICHAEL S UNRUH

Plaintiff-Appellee

v.

KEVIN MOORE; MICHAEL SIZEMORE; ETHAN WESTFALL; G
GRAYSON

Defendants-Appellants

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 6:06-CV-453

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendants appeal the denial of their summary judgment motion in this 42 U.S.C. § 1983 suit filed by Michael S. Unruh ("Unruh"). Unruh is incarcerated in the Coffield Unit of the Texas Prison System. He alleges that Defendants discriminated against him in denying him a job in the Prison Industry Enhancement ("P.I.E.") Program. The district court held that there

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was a genuine issue of material fact as to the reasons for the denial of Unruh's application. For the following reasons, we REVERSE.

Unruh was convicted of sexual assault; specifically, rape in possession of a knife. While serving his sentence, Unruh applied to the P.I.E. Program, which allows prisoners to do paid work for private employers in a minimum-security section of the prison.[1] Unruh submitted an application for a job through the program. The application was returned with a notation from the case manager that it was denied due to the nature of the crime for which Unruh was incarcerated. Despite this, Unruh was interviewed by the warden for the job two weeks later. He was denied a second interview for the job along with one other inmate, again due to the nature of his crime. Unruh later learned that two other sex offenders were in the P.I.E. program. He filed the instant suit, alleging that he was denied equal protection in being rejected for the job because he was a sex offender.

We review a district court's denial of summary judgment *de novo*, applying the same standard as the district court. *Stotter v. University of Texas at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). We construe the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Id.* A party is entitled to summary judgment only if the evidence in the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56(c).

Defendants assert that qualified immunity bars Unruh's claim. In order to overcome the defense of qualified immunity against a government official, a plaintiff must show (1) that his constitutional rights were violated (2) under law that was clearly established in light of the specific context of the case. *See*

---

[1] The paid program at the Coffield Unit is with the Atrium Glass Company.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part by Pearson v. Callahan*, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).[2]

Unruh asserts a "class-of-one" Equal Protection claim, arguing that the Defendants violated his rights by denying him a job in the P.I.E. program because of his sex offender status even though other sex offenders were offered entry into the program. For a class-of-one claim to withstand summary judgment, Unruh must show genuine questions of material fact as to whether 1) he was intentionally treated differently from others similarly situated and 2) if different standards for entry into the program were applied, that there was no rational basis for the difference in treatment. *See Whiting v. University of Southern Mississippi*, 451 F.3d 339, 348 (5th Cir.2006); *see also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Crucially, rational basis scrutiny applies because Unruh does not claim to be a member of a protected class. *Whiting,* 451 F.3d at 348 n.3.

We do not need to inquire into the intent of the prison officials, nor do we need to address Defendants' argument that a class-of-one Equal Protection claim is not cognizable in the context of a prison official's discretionary decision, as Unruh's claim does not survive rationality review. Under the rational basis standard, any rational ground for the conduct in question will suffice to defeat the class-of-one claim. *See Stotter,* 508 F.3d at 824. In this case, the prison officials clearly had rational grounds for denying Unruh's application. The P.I.E. program places the inmates in a minimum security facility. Unruh has a history of disciplinary problems in prison— including an attempt to escape from a police officer as well as assaults on fellow inmates, including with a weapon—that create concrete security concerns for the prison officials. The fact that these

---

[2] *Pearson* modified *Saucier* to the extent that the sequence of the two-step inquiry is now discretionary. Our analysis in this case is resolved by step one of the test, whether a constitutional violation has occurred.

reasons were not communicated to Unruh when his application was rejected is irrelevant. To pass muster under rationality review, the plaintiff must rule out all possible reasonable justifications for disparate treatment, not merely the justification provided by the government official. *See Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 387 (5th Cir. 2008)("[T]o ultimately prevail on the claim, the [plaintiffs] must carry the heavy burden of 'negativ[ing] any reasonably conceivable state of facts that could provide a rational basis' for their differential treatment.")(quoting *Whiting*, 451 F.3d at 349). The district court thus erred in holding that there is a genuine issue of fact as to why Unruh's application was denied; under the correct legal standard, the "actual" reason provided by the official is immaterial.

Because Unruh's class-of-one claim fails under rationality review, the district court's denial of Defendants' summary judgment motion was improper. We REVERSE and render judgment for the Defendants.